**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MK MALL HOLDINGS, LLC** | **CIVIL DOCKET NO. 6:23-cv-01455** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **UNDERWRITERS AT LLOYD'S OF LONDON, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is the Renewed Motion to Reopen Proceedings, Lift Stay, and Reconsider/Set Aside Prior Order Granting Motion to Stay Proceedings and to Compel Arbitration (the "Motion") [Doc. 30] filed by Plaintiff MK Mall Holdings, LLC ("MK Mall"). MK Mall requests that the Court vacate its prior Order compelling arbitration and return this matter to the active docket for further proceedings. The Motion is opposed by the defendant Insurers [Doc. 32]. For the reasons that follow, the Motion is DENIED, the STAY is CONTINUED, and the case is ADMINISTRATIVELY CLOSED.

## Factual and Procedural Background

This dispute arises out of damage to MK Mall's property caused by Hurricane Ida in August 2021. MK Mall filed this action against Underwriters at Lloyd's of London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, and Safety Specialty

Insurance Company (collectively, the "Insurers"),[1] asserting claims for breach of contract and bad-faith adjustment of claims under a surplus lines commercial property insurance policy (the "Policy").  At the time of the loss, each Insurer subscribed to the Policy on a quota-share basis under identical form language and was responsible only for its proportionate share of any covered loss.  The Policy included an arbitration clause and an allocation endorsement.[2]

The lawsuit was originally filed in the Sixteenth Judicial District Court for the Parish of St. Mary, Louisiana, and removed to this Court on October 13, 2023.  [Doc.

---

[1]     Two of the Insurers – Underwriters at Lloyds and HDI Global Specialty SE – are foreign insurers.  The remaining Insurers are domestic insurers.  [Doc. 30-1, p. 6].

[2]     The Policy's arbitration clause states that "[a]ll matters in difference … in relation to this insurance … shall be referred to an Arbitration Tribunal…"  [Doc. 30-2, p. 37].  The Policy's "Contract Allocation Endorsement" states:

> **CONTRACT ALLOCATION ENDORSEMENT**
>
> \*\*\*
>
> The liability of each Underwriter on this contract with the Insured is limited to the participation amount shown in the schedule below. ***The liability of each separate contract listed and for each Underwriter represented thereby for any loss or losses or amounts payable is several as to each and shall not exceed its participation percentage shown below and there is no joint liability of any Underwriters pursuant to this contract.***
>
> \*\*\*
>
> ***This contract shall be constructed as a separate contract between the Insured and each of the Underwriters.***  This evidence of coverage consists of separate sections of a composite insurance for all Underwriter's at Lloyd's combined and separate policies issued by the insurance company(ies), all as identified below.  ***This evidence of coverage does not constitute in any manner or form a joint certificate of coverage by Underwriter's at Lloyd's with any other insurance company(ies).***

[Doc. 30-2, p. 4].

1].  Removal was based on the Policy's arbitration clause, which the Insurers contend is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*, (the "Convention"), conferring original jurisdiction on this Court.

On November 1, 2023, the Insurers filed an unopposed motion to compel arbitration and stay proceedings [Doc. 9], which the Court granted, ordering the parties to notify the Court upon completion of arbitration [Doc. 11].  Approximately eighteen months later, after no activity, the Court ordered a joint status report.  [Doc. 12].  When the report reflected minimal progress in arbitration and allegations of intentional delay by the Insurers [Doc. 13], the Court ordered the parties to complete arbitration by November 28, 2025, and set an evidentiary hearing for December 8, 2025, to address the delay and potential sanctions [Doc. 14].

On October 15, 2025, MK Mall filed a motion to lift the stay [Doc. 15], arguing bad faith by the Insurers and that two intervening decisions – *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 395 So. 3d 717 (La. 2024), *reh'g denied*, 397 So. 3d 424 (La. 2024) and *S. K. A. V., L.L.C. v. Indep. Specialty Ins. Co.*, 103 F.4th 1121 (5th Cir. 2024) – establish that Louisiana law prohibits enforcement of the arbitration clause at issue.  [Doc. 15].  The Court also set that motion for hearing on December 8, 2025,[3] and ordered an in-person settlement conference in advance of the evidentiary hearing.  [Doc. 18].  The magistrate judge set the settlement conference for December 5, 2025.  [Doc. 19].

---

[3]     The evidentiary hearing was ultimately reset on December 12, 2025.  [Doc. 20].

On December 2, 2025, Defendants appealed the settlement conference Order to the Fifth Circuit. [Doc. 21]. The Court then ordered briefing on whether that appeal affected the scheduled proceedings [Doc. 23], and on December 8, 2025, Defendants filed a motion to stay the pending appeal [Doc. 27]. At the evidentiary hearing, the parties discussed the impact of the recent decision in *Town of Vinton v. Indian Harbor Insurance Co.*, 161 F.4th 282, 288 (5th Cir. 2025) – then on appeal to the Fifth Circuit – on the stay. The Court subsequently struck all pending motions and deferred further action until MK Mall filed a renewed motion to lift the stay following the issuance of the mandate in *Vinton*. [Doc. 29]. After the mandate issued, MK Mall filed the instant Motion on March 21, 2026, arguing that *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 395 So. 3d 717 (La. 2024), *reh'g denied*, 397 So. 3d 424 (La. 2024), and *Town of Vinton v. Indian Harbor Insurance Co.*, 161 F.4th 282, 288 (5th Cir. 2025) foreclose arbitration in this case.

All issues having been fully briefed by the parties, the Motion is ripe for review.

### LAW AND ANALYSIS

The Convention, which is implemented through Chapter 2 of the Federal Arbitration Act ("FAA"), requires courts to compel arbitration at the request of a party if the parties have made an arbitration agreement that falls within the Convention's scope. 21 U.S.T. 2517 art. II(3). Agreements arising under the Convention are subject to the provisions of the FAA unless the FAA is in "conflict" with the Convention. *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 438, 140 S. Ct. 1637, 207 L. Ed. 2d 1 (2020).

Additionally, the Supreme Court has noted the "emphatic federal policy in favor of arbitral dispute resolution," which "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985). Courts apply the Convention where: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Crescent City Surgical Operating Co. v. Interstate Fire & Cas. Co., et al.*, 2026 WL 1091579, at \*1 (5th Cir. 2026), *citing Vinton.* 161 F.4th at 287. In recent cases applying these factors to Louisiana surplus line insurance policies with arbitration clauses and allocation endorsements, the analysis has centered on the fourth factor.

Both *Police Jury* and *Vinton* involved surplus line policies with arbitration and allocation clauses that are identical to the ones at issue here. In *Police Jury*, the plaintiff – a Louisiana political subdivision – sustained damage caused by Hurricanes Laura and Delta to approximately 300 properties it owned. 395 So. 3d at 720. Plaintiff filed suit in state court, naming eight domestic insurers and two foreign insurers; the foreign insurers were dismissed shortly thereafter. *Id.* at 721. The lawsuit was removed to federal court, and after a series of protracted procedural developments, the district court certified three questions to the Louisiana Supreme Court. As relevant here, the Supreme Court held that Louisiana law prohibits arbitration clauses in all insurance policies issued or delivered in the state, and a

domestic insurer cannot use equitable estoppel to compel arbitration based on a foreign insurer's policy. *Id.* at 729.

In *Vinton*, a small town in Calcasieu Parish sued foreign and domestic insurers in Louisiana state court for breach of contract and thereafter dismissed the foreign insurers with prejudice. 161 F.4th at 286. As here, an endorsement in the insurance contract stated that the insurance policy was to be treated as a "separate contract" between the insured and each of the insurers, which the court found created separate agreements to arbitrate stemming from one arbitration clause. *Id.* at 286. The domestic insurers removed the case to federal court and moved to compel arbitration and stay the district court proceedings under the Convention and the FAA. *Id.* The district court denied their motion, finding that the agreement consisted of separate contracts between each insurer and *Vinton*, and because the two foreign insurers were dismissed with prejudice, the lack of foreign parties meant that the Convention did not apply. *Id.* The court also held that the Convention did not compel arbitration under a theory of equitable estoppel. *Id.* On appeal, the Fifth Circuit affirmed, agreeing that because the foreign insurers were no longer parties to the litigation, there was no foreign party to any agreement to arbitrate in the case. Accordingly, the Fifth Circuit found that Louisiana law governed the arbitration clause at issue, and that the domestic insurers could not compel arbitration. *Id.*

In the Motion before this Court, MK Mall argues that *Vinton* forecloses arbitration. But *Vinton* is factually distinguishable in one very important respect. At the time the *Vinton* court considered the arbitration issue, the foreign insurers in

that case were not parties to the litigation and the insured's claims against them had been dismissed with prejudice.  Therefore, although the court in *Vinton* determined that the "separate contracts" language creates separate agreements to arbitrate, here MK Mall still seeks recovery from each defendant – both foreign and domestic – pursuant to the terms of the Policy.

Following the parties' briefing in this case, the Fifth Circuit decided *Crescent City Surgical Operating Company v. Interstate Fire & Casualty Co., et al.*, in which the policy in question contained an arbitration clause and an allocation endorsement with language identical to the language of the Policy here.  2026 WL 1091579, at *1 (5th Cir. Apr. 22, 2026).  In *Crescent City*, the insured brought an action against both its domestic and foreign insurers under a surplus lines policy and the insurers removed to federal court and moved to compel arbitration, which the court granted.  2026 WL 1091579, at *2.  Before the arbitration proceedings began, *Crescent City* sought to lift the arbitration stay, which the district court granted as to the domestic insurers but denied as to the foreign insurers.[4]  *Id.*  And the district court declined to stay the federal court litigation against the domestic insurers pending completion of the arbitration against the foreign insurers.

---

[4]    The *Crescent City* district court found that: (i) the policy constituted separate contracts between Crescent City and each of the insurers; (ii) the Convention did not apply to the contracts between Crescent City and its domestic insurers; (iii) the domestic insurer contracts were governed by Louisiana law, which does not permit the enforcement of arbitration clauses in insurance contracts and made the arbitration clause in those contracts unenforceable; and (iv) the domestic insurers could not rely on equitable estoppel to compel arbitration.  2025 WL 239404 (E.D. La. Jan. 17, 2025).

On appeal, the Fifth Circuit affirmed the district court's ruling in all respects except for its refusal to stay the litigation against the domestic insurers. *Id.* at *5. Specifically, the court reiterated that domestic insurers cannot compel arbitration of the claims against them under the Convention because Louisiana law governs the reach of those arbitration clauses, and Louisiana law plainly forecloses arbitration of claims against a domestic insurance company. *Id.* at *4, *citing Vinton*, 161 F.4th at 287-88; *see also Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 165 F.4th 907, 908-09 (5th Cir. 2026) (applying *Town of Vinton*, 161 F.4th at 285, to "a substantively identical surplus line policy with foreign and domestic insurers"). Nevertheless, in explaining that the litigation against the domestic insurers should be stayed pending completion of the arbitration against the foreign insurers, the court reasoned:

> Crescent City's claims, in arbitration and in court, arise from the "same operative facts" under the Policy, which, though construed as a separate contract between Crescent City and each insurer, still is a unified insurance agreement with the aim of providing Crescent City a seamless level of coverage. That arrangement also makes the claims against each insurer "inherently inseparable." … Finally, it is difficult to conceive how the litigation could not have a critical impact on the arbitration, given that both proceedings involve the same coverage questions and the same facts. … Therefore, the district court should have stayed the litigation pending resolution of the arbitration against the Underwriters.

*Id.* at *5, *citing Rainier DSC 1, L.L.C. v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016) (internal citations omitted).

Here, as in *Crescent City*, MK Mall's claims in arbitration and in this litigation arise from the same operative facts under the Policy and, given the nature of the

surplus lines policy, are inherently inseparable, that is, the underlying claims involve the same coverage questions and the same facts. It is likewise reasonable to conclude that this litigation may have collateral effects on the obligations, if any, of the foreign insurers proceeding in arbitration. Accordingly, under *Crescent City*, the stay shall remain in place pending resolution of the arbitration proceedings against the foreign insurers.

Considering the foregoing,

IT IS HEREBY ORDERED that the RENEWED MOTION TO REOPEN PROCEEDINGS, LIFT STAY, AND RECONSIDER/SET ASIDE PRIOR ORDER GRANTING MOTION TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION [Doc. 30] is DENIED.

IT IS FURTHER ORDERED that this Court's stay Order [Doc. 11] remains in place and that this case is ADMINISTRATIVELY CLOSED pending resolution of the arbitration proceedings against the foreign insurers. The parties shall notify this Court in writing within five (5) days of the conclusion of the arbitration proceedings.

THUS, DONE AND SIGNED in Chambers on this 22nd day of July 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE